IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **YULIAIDA ESTHELA MENDOZA MENDOZA,** | § § § § § | |
| Petitioner, | § § | |
| v. | § § | **CAUSE NO. EP-26-CV-696-KC** |
| **DEPARTMENT OF HOMELAND SECURITY,** | § § § § § | |
| Respondent. | § | |

## SHOW CAUSE ORDER

On this day, the Court considered Yuliaida Esthela Mendoza Mendoza's Motion to Proceed In Forma Pauperis ("IFP"), ECF No. 1, and Petition for a Writ of Habeas Corpus, ECF No. 1-1. Mendoza is detained at the El Paso Service Processing Center in El Paso, Texas. Pet. ¶ 2. She argues that her detention is unlawful and asks the Court to order a bond hearing. *Id.* ¶¶ 13–15.

As a preliminary matter, Mendoza requests that the Court allow her to proceed IFP and waive the filing fee for her Petition. *See generally* Mot. To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required. *Id.* In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses. *Roden v. Texas,* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995). Based on her Motion, Mendoza does

not have any source of income, and her only asset is a vehicle.  Mot. ¶¶ 3–5.  Thus, she has made the requisite showing that she is unable to afford the costs of the proceeding.

Before her detention, Mendoza was residing in the United States and had been issued an employment authorization card and driver's license.  Pet. ¶ 13.  On November 7, 2025, she appeared to her "first appointment with ICE" and was immediately detained in Chicago, Illinois, and subsequently transferred to El Paso.  *Id.* ¶¶ 11, 13.  As alleged, her case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025).  Of course, Respondents are nevertheless permitted to state their position before a ruling.  In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected.  Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Mendoza's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than March 18, 2026**</u>, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURHTER ORDERED** that Petitioner's IFP Motion, ECF No. 1, is **GRANTED**.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 11th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE